```
              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| RYAN A. GREENLAND, | : | |
| | : | HONORABLE NOEL L. HILLMAN |
| Plaintiff, | : | |
| | : | CIVIL NO. 07-5971 (NLH) |
| v. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL | : | **OPINION** |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

Richard L. Group, Esquire
Bross & Group, PA
102 Browning Lane
Building C-1
Cherry Hill, NJ 08003
    *Attorney for Plaintiff*

Christopher J. Christie
United States Attorney
    By:  Tomasina Digrigoli, Esquire
        Special Assistant United States Attorney
Social Security Administration
Office of the General Counsel
26 Federal Plaza, Room 3904
New York, NY 10278
    *Attorney for Defendant*

**HILLMAN, District Judge**:

    This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. §

405(g), to review the final decision of the Commissioner of the Social Security Administration, denying the application of Plaintiff, Ryan A. Greenland, a minor child when he applied for benefits, for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 401, et seq.  The issue before the Court is whether the Administrative Law Judge ("ALJ") erred in finding that plaintiff did not have a combination of impairments that met the listed impairments that would qualify him for benefits.  For the reasons stated below, this Court will affirm that decision.

I.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, who suffers from attention deficit hyper disorder (ADHD), conduct disorder, and a learning disorder, was fifteen years old when his mother applied for SSI benefits for him on April 5, 2004.  His claim was denied initially and upon reconsideration, and a hearing before an ALJ was held on August 30, 2006.  The ALJ issued his decision denying plaintiff benefits on October 5, 2006.  Plaintiff's request for review by the Appeals Council was denied on August 15, 2007.  Plaintiff now appeals the ALJ's decision to this Court.

**II.   DISCUSSION**

   **A.   Standard of Review**

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for DIB.  Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995).  A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).  Substantial evidence means more than "a mere scintilla."  Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  The inquiry is not whether the reviewing court would have made the same determination, but whether the Commissioner's conclusion was reasonable.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its totality.  See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984). "[A] court must 'take into account whatever in the record fairly

detracts from its weight.'" Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)). The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000). Similarly, an ALJ must also consider and weigh all of the non-medical evidence before him. Id. (citing Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

4

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978).  Although an ALJ, as the fact finder, must consider and evaluate the medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record," Hur v. Barnhart, 94 Fed. Appx. 130, 133 (3d Cir. 2004).  In terms of judicial review, a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams, 970 F.2d at 1182.  Moreover, apart from the substantial evidence inquiry, a reviewing court is entitled to satisfy itself that the Commissioner arrived at his decision by application of the proper legal standards.  Sykes, 228 F.3d at 262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

    **B.**    **Standard for Disability Insurance Benefits for Children under 18**

Title XVI of the Act provides for the payment of disability benefits to persons under the SSI program.  42 U.S.C. § 1382(a).  A child is considered "disabled" and thereby entitled to benefits under the Act if he or she "has a medically determined physical or mental impairment which results in marked or severe functional limitations, and which can be expected to last for a continuous

5

period of not less than 12 months." Id. at § 1382c(a)(3)(C)(I). The claimant carries the initial burden of proving disability. Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999).

A child under eighteen is only eligible for SSI benefits if he meets a three-step test: (1) he is not doing substantial gainful activity; (2) he has a medically determinable impairment or combination of impairments that is severe; and (3) the impairment or combination of impairments meets, medically equals, or functionally equals the severity of one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R § 416.924. Morrison ex rel. Morrison v. Commissioner of Social Sec., 268 Fed. Appx. 186, 187 (3d Cir. 2008). An impairment or combination of impairments functionally equals a listed impairment if it causes a "marked" limitation in two of six areas of functioning or an "extreme" limitation in one of those six areas. Id. at 188 (citing 20 C.F.R. § 416.926a(a)). A "marked" limitation "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." Id. at n.1 (citing 20 C.F.R. § 416.926a(e)(2)(i)). An "extreme" limitation "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." Id. (citing 20 C.F.R. § 416.926a(e)(3)(i)).

The six areas are: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being. Id. (citing 20 C.F.R. § 416.926a(b)(1)). Parents and teachers may be called upon to provide information regarding a child's limitations with respect to these six domains since they see the child regularly and are able to describe the child's functioning at home, at school, and in the community. 20 C.F.R. 416.926a(b)(3).

**C.   Analysis**

In his decision, the ALJ found plaintiff was not engaging in any substantial gainful activity (Step One) and that he has a medically determinable impairment or combination of impairments that is severe (Step Two). The ALJ also found, however, that plaintiff did not meet Step Three because he did not have a "marked" limitation in two of six areas of functioning or an "extreme" limitation in one of those six areas.

Plaintiff challenges this finding for three reasons. First, he argues that the ALJ erred when he determined that plaintiff did not have marked limitations in "acquiring and using information" and "attending and completing tasks." Second, plaintiff argues that the ALJ failed to properly evaluate the

7

testimony of plaintiff, his mother, and aunt.  Third, plaintiff argues that the ALJ erred when he did not seek an additional medical consultation regarding medical equivalency.  Each of these arguments will be addressed in turn.

>   1.   Whether ALJ erred when he determined that plaintiff did not have marked limitations in "acquiring and using information" and "attending and completing tasks."

In arguing that the ALJ erred when he determined that plaintiff did not have marked limitations in "acquiring and using information" and "attending and completing tasks," plaintiff points to three pieces of evidence he claims that the ALJ did not properly consider.  First, plaintiff contends that the ALJ did not adequately consider the report of the Camden County Technical School's summary of plaintiff's performance on standardized testing.  Plaintiff argues that the ALJ only considered some of the report that supported his ultimate findings, and he did not mention the report in consideration of the six domains.  Second, plaintiff argues that the ALJ failed to properly evaluate the opinion of plaintiff's guidance counselor, who completed a teacher questionnaire on May 27, 2004.  Again, plaintiff argues that the ALJ summarized some of the relevant findings, but not in the section of the decision explaining the severity of plaintiff's impairments.  Third, plaintiff argues that the ALJ

did not adequately consider the opinion of Robert J. Waters, Ph.D., who performed a consultative examination of plaintiff on August 19, 2004. Even though the ALJ mentions Dr. Waters' report in his decision, plaintiff argues that the ALJ did not properly consider Dr. Waters' findings.

 Plaintiff's arguments are unavailing. In a lengthy, chronological recitation of all the evidence in the record, the ALJ's decision includes detailed summaries of the technical school's report, the guidance counselor's evaluation, and Dr. Waters' examination. These summaries do not omit any observations contained in the reports. Following this recitation of all the evidence, the ALJ undertakes a detailed analysis of the six domains. In his analysis of "acquiring and using information" and "attending and completing tasks," the ALJ explains the regulations regarding these two domains, and then provides an explanation, using evidence in the record described previously, to support his finding why plaintiff has less-than-marked limitation in those areas.

 Plaintiff protests that the ALJ did not include all the evidence from those reports that would support an opposite finding. Plaintiff, however, does not indicate what information contained in those reports would challenge the ALJ's decision.

With regard to "acquiring and using information," the ALJ notes that the domain considers how well the claimant is able to acquire or learn information, and how well the claimant uses the information he has learned.  (R. at 30.)  He notes that plaintiff has a full scale IQ score of 88, which places him in the low average range of intellectual functioning.  Further, he notes that even though he has ADHD, he appears to do well when he is compliant with his medication regimen.  He refers to Dr. Waters' report, wherein he records plaintiff's mother's statement that while he was in special education classes in 10th grade, he received good grades.  The ALJ further notes that in December 2004, the school child psychologist found that plaintiff had "no to slight problems in the domain of acquiring and using information."  The ALJ also notes that in the September 2005 IEP provided by the technical school, even though plaintiff has some difficulties with attention, frustration tolerance, self-control, maturity, response to stress, and decision making skills, his cognitive functioning was rated within the low average range.  He also notes that plaintiff reported he was calm when on his medications.

With regard to the domain of "attending and completing tasks," the ALJ notes that the domain considers how well the

claimant "is able to focus and maintain attention, and how well he is able to begin, carry through, and finish activities." (R. at 30.) He then notes that as of June 1, 2004, plaintiff's "assignment completion, motivation, participation, preparation, work pace, and organization were above average, and his attention, cooperation and following rules were average." (Id.) The ALJ refers to Dr. Waters' August 19, 2004 examination, which includes a statement by plaintiff's mother, who stated that plaintiff needed instruction repeated often, but was able to perform two-step directions. He also refers to the December 2004 child psychologist evaluation, who indicated that plaintiff had "'no' to 'slight'" problems in the domain of attending and completing tasks. By June 2006, the ALJ notes that plaintiff was attending two hours of school a day, where he presented as focused and cooperative. Ultimately, the ALJ notes that plaintiff testified that he was calm when he was on his medications, and found "it appears that when the claimant is compliant with his medication regimen, he is able to maintain attention and complete tasks." (Id.)

Plaintiff does not explain what other evidence in the three reports would support a contrary finding. The technical school evaluation was performed in May 2004 and Dr. Water's report was

11

performed in August 2004, before plaintiff's medications were adjusted and he found more consistent success with Adderall in late 2004, early 2005. The ALJ noted plaintiff's progress over time, and ultimately concluded that plaintiff did not have marked limitation with regard to acquiring, learning, and using information, focusing and maintaining attention, and being able to begin, carry through, and finish activities. It appears that the ALJ's decision is supported by substantial evidence, and plaintiff has not demonstrated that the ALJ's analysis was deficient simply because he did not recite the three reports in their entirety in considering these two domains.

        2.   <u>Whether the ALJ failed to properly evaluate the testimony of plaintiff, his mother, and aunt.</u>

Plaintiff also argues that the ALJ erred when he did not explicitly state that the witnesses's testimony was not credible, and stated, without explanation, that the "statements concerning the intensity, duration and limited effects of the claimant's symptoms do not establish disability for any period of 12 consecutive months throughout the date of the decision." (R. at 28.)

This argument is also without merit. Allegations of pain and other subjective symptoms must be supported by objective

medical evidence, 20 C.F.R. § 404.1529(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible as long as he explains why he is rejecting the testimony. Schaudeck v. Comm'r of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); SSR 96-7p.  Further, the ALJ is empowered to evaluate the credibility of witnesses, and he is expected to "at least to state that he found a witness not credible before wholly disregarding his testimony."  Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983).

Based on the regulations and caselaw, plaintiff is correct that an ALJ must explain why he is rejecting subjective testimony.  Here, however, the ALJ did not reject any of the testimony.  In his decision, the ALJ detailed plaintiff's testimony, the testimony of his mother, and noted the brief testimony of plaintiff's aunt.  No where in his decision does the ALJ find fault or otherwise reject that testimony.  Indeed, in several instances, the ALJ specifically refers to plaintiff's testimony, as well as statements made by his mother.  Instead of rejecting the testimony, the ALJ states that he considered it, but did not find anything in that testimony to support finding that plaintiff had a marked limitation in any of the six domain

areas. Plaintiff has not articulated what testimony the ALJ should have considered that would have changed that decision. Consequently, this argument does not serve as a basis for reversal and remand.

> 3. <u>Whether the ALJ erred when he did not seek an additional medical consultation regarding medical equivalency</u>

Plaintiff's third argument is that the ALJ failed to obtain an updated medical opinion following the receipt of additional evidence. Regulation 96-6P provides that an ALJ is required to obtain an updated medical opinion from a medical expert when "additional medical evidence is received that in the opinion of the administrative law judge or the Appeals Council may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments." SSR 96-6P. Plaintiff argues that because fifteen months passed between the opinion of the State Agency Medical Consultant (SAMC), dated June 13, 2005, and the hearing, and a significant amount of medical and other evidence was received following the date of that opinion, the ALJ was required to seek an updated medical opinion.

14

Plaintiff's argument is unavailing.  Plaintiff refers the Court to evidence in the record which post-dates the SAMC's opinion to support the basis for an updated medical opinion.  This evidence includes numerous prescriptions for Adderral, the Princeton House Behavioral Health Discharge Summary and Continuing Care Plan, and progress notes from the YCM program.  The Court notes, however, that although this evidence came after the SAMC's evaluation, the ALJ considered this evidence in his determination of whether plaintiff had any limitations in any of the six domains.  Based on his consideration of this evidence, which he described in detail in his decision, the ALJ did not find that it altered his analysis.  In other words, it appears that in his opinion, the ALJ did not find that this evidence would have changed the opinion of the SAMC.  Moreover, the Court's review of this evidence, as well as additional academic reports submitted after the hearing, do not serve to alter the ALJ's ultimate finding--that is, the severity of plaintiff's mental disorders have not interfered seriously with his ability to function independently, appropriately, effectively, and on a sustained basis.  Consequently, plaintiff's argument that the ALJ

erred by not obtaining an updated medical evaluation does not support reversal of the ALJ's decision.[1]

### III. CONCLUSION

For the reasons stated above, the Commissioner's finding that plaintiff is not disabled will be affirmed.  The accompanying order will be entered.


Date: March 25, 2009              s/ Noel L. Hillman
                                 NOEL L. HILLMAN, U.S.D.J.
At Camden, New Jersey

---

[1] The Court notes that it is often impossible for an ALJ to have a finite, complete record because it is always possible for the claimant to "obtain another medical examination, seek the views of one more consultant, wait six months to see whether the claimant's condition changes, and so on." Kendrick v. Shalala, 998 F.2d 455, 456-57 (7th Cir. 1993).

16